**In the Matter of the Application of: John L. McKAY, Jr., An Applicant for admission to the Practice of Law in Alaska and Membership in the Alaska Bar Association.**

No. S-667.

Supreme Court of Alaska.

Sept. 27, 1985.

---

4. Amicus raises questions regarding the title held by conveyancees and bona fide purchasers of mental health lands. In view of our disposi-

tion of this case, we deem it unnecessary to address those issues at the present time.

John L. McKay, Jr., pro per.

R. Eldridge Hicks, Lane, Powell, Barker & Hicks, Anchorage, for appellant.

Stephen J. Van Goor, Anchorage, Discipline Counsel for the Alaska Bar Association.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS and MOORE, JJ.

## OPINION ON REHEARING

MOORE, Justice.

In February 1984 John L. McKay, Jr. sat for the Alaska Bar Examination. He achieved a score of 138.69; a passing score was 139.50.

In July 1984 McKay filed an appeal with the Board of Governors of the Alaska Bar Association, alleging (1) that the Committee of Bar Examiners and the Bar Association's executive director had improperly administered the February 1984 bar exam by allegedly allowing some applicants to exceed the announced time limit; and (2) that the same committee and director had abused their discretion in the grading of specific essay questions on the examinations. McKay identified alleged inadequacies within four model answers and detailed alleged improper grading on six essays.

The Board denied McKay a hearing on his allegations, stating that "the appeal failed to allege facts which, if true, would establish an abuse of discretion or improper conduct by the Board." We disagree.

Alaska Bar Rule 6(2) provides in part:

An applicant who has been denied an examination permit or who has been denied certification to the Supreme Court for admission to practice shall have the right, within thirty days after receipt of written notice of such denial, to file with the Board a written statement of appeal.

. . . . .

An applicant who is denied an examination permit or who is denied certification *shall allege facts which, if true, would establish an abuse of discretion or improper conduct on the part of the Board,* the Executive Director, the Committee or a master. If the allegations in

the verified statement are found to be sufficient by the Board, a hearing shall be granted.

(Emphasis added).

In *Application of Peterson*, 499 P.2d 304 (Alaska 1972) (*Peterson II*), we stressed that the unsuccessful applicant must be accorded a meaningful appellate hearing before the Board to air allegations of improper conduct or abuse of discretion in the grading of the examination.

McKay contends that the Board's interpretation of Alaska Bar Rule 6(2) denies him due process because it allows the Board to determine the "sufficiency" of his allegations prior to a hearing. He points out that the Rule itself defines "sufficient" as requiring that an appellant must allege facts which, if true, would constitute an abuse of discretion or improper conduct.

The Board contends that McKay did not make any specific allegations that the calibration, grading, computation or review procedures were not followed. The Board stresses that McKay did not allege that the graders "intentionally" assigned lower scores to his essays or "intentionally" ignored points raised in his answers. The Board's position, in essence, is that an applicant may challenge only *procedural* improprieties. We disagree with this position. An examiner may commit an abuse of discretion in misgrading an answer even if the examiner acted with good faith and correctly followed the established procedure. In *Application of Peterson*, 459 P.2d 703 (Alaska 1969) (*Peterson I*), we listed fraud, mistake, arbitrariness, "or any other ground which warrants review" as possible actions by the Board that would warrant a hearing. *Peterson I*, 459 P.2d at 711. If a model answer is defective or an applicant's scores are incorrectly computed, then an abuse of discretion may result.

■ Thus, the Board's view that Bar Rule 6(2) allows for a hearing only in response to sufficient allegations of procedural deficiencies is too restrictive. We reject this narrow view and find that a hearing is required in response to suffi-

ciently specific allegations of *substantive* deficiencies, such as gross errors in grading. We further find that McKay's pleadings to the Board presented sufficient allegations of inadequate model answers and inaccurate scores assigned to his answers. Had McKay merely submitted a conclusory statement that his exam had been "improperly graded," the Board would have been entitled to dismiss the appeal without a hearing. Such a conclusory statement alleges no specific factual inadequacies with either the grading system or its application to McKay's exam. Here, however, McKay provided five pages of detailed allegations on the grading improprieties alone. Such specificity adequately supports his request for a hearing. His allegations assert specific facts that, if true, would indicate an abuse of discretion by the Board.

McKay's second argument is that the examination committee engaged in improper conduct by failing to stop some applicants from exceeding the time limit for completing the MBE portion of the bar examination. McKay contends that he was harmed by not being allowed additional minutes inasmuch as he was reportedly in the process of correcting transpositional errors on his MBE answer sheet when the end of the allocated time was announced.

■ We agree with the Board that McKay's allegations on this point are insufficient because he did not allege that he was denied the proper amount of time officially allocated to complete the MBE portion of the February 1984 bar examination. McKay received the full amount of time allotted to complete the MBE. A hearing is not warranted simply because he may have made transpositional errors on his answer sheet and several other test-takers may have violated the time limitation. Since McKay's allegations relating to the time limitation were clearly insufficient to warrant a hearing by the Board, we do not reach the issue of his request for discovery of his MBE answer sheet and the MBE key of correct answers.

We are remanding this case to the Board for a hearing on McKay's allegations per-

taining to the scoring of his essay answers and the adequacy of the model answers. If the Board finds that a scoring mistake was made or that a model answer was defective, the Board should correct any error discovered. If the Board discovers no such error, McKay may again appeal to this court. If such appeal were to fail, he would have to retake the bar examination in order to apply for admittance to the Alaska Bar Association.

This matter is REMANDED.

COMPTON, J., not participating.